## GOODMAN & CO. v. EUNICE MOSS.

1. JUDICIAL SALE. *Title acquired under. Evidence thereof in assumpsit for conversion of property.*

   In an action of assumpsit for the value of certain railroad cross-ties, alleged to have been wrongfully converted by the defendant, it is not sufficient proof of plaintiff's title, for him to show by the evidence of witnesses in a general way that plaintiff purchased the ties at a sale under attachment proceedings, but the record of such proceedings or some substitute for the evidence they would afford must be produced.

2. PERISHABLE PROPERTY. *Railroad cross-ties. Sale in attachment. Section 2462, Code of 1880, considered. Case in judgment.*

   Because cross-ties for a railroad track are liable to be destroyed by fire, and are so circumstanced as to be in considerable danger of fire, is not sufficient to bring them within the meaning of the expression "in danger of immediate waste and decay," as used in § 2462, Code of 1880, so as to authorize a sale under an attachment on short notice and before final judgment.

APPEAL from the Circuit Court of Choctaw County.

HON. C. H. CAMPBELL, Judge.

Mrs. Eunice Moss having waived the tort, brought this action of assumpsit for the value of certain railroad cross-ties alleged by her to have been wrongfully converted by Goodman & Co. Suit was begun by levying an attachment on certain property belonging to Goodman & Co., who were non-residents. The effect of the evidence introduced on the first trial, as to the title of plaintiff to the cross-ties alleged to have been converted by defendants, is sufficiently stated in the opinion of the court. On the first trial the jury found for the defendants. But a new trial was granted by the court. On the second trial the plaintiff, in order to show her title, offered the docket and papers of J. R. Foster, a justice of the peace in and for Choctaw County, showing the judgments, processes, and other papers constituting the proceedings in various attachment suits against one Miles Leek, in which the cross-ties in question were levied on and sold, Mrs. Moss claiming to have been the purchaser. The defendants objected to the admission of this evidence because the records showed that the defendant, Leek, was a non-resident debtor and no personal service of process was had on him, and that judgments were rendered on constructive notice, and no bonds were given, as required by § 2469, Code of 1880, without which the sales were void and conferred no title. "But it appearing that said cross-ties were sold as perishable property before the rendition of the judgments in said causes, the court overruled said objection and said judgments, and proceedings were admitted as evidence in said cause, to which action of the court defendants excepted." The plaintiff claimed that the ties were perishable property under the peculiar circumstances of this case, which circumstances are sufficiently set out in the opinion of the court, and that the sheriff was therefore authorized to sell them under § 2462, Code of 1880. A jury was waived on the second trial and the cause submitted to the judge, who rendered judgment for the plaintiff. The defendants appealed to this court.

*Butt & Butt*, for the appellants.

1. It was error for the court below to grant a new trial, and this

court will find, upon the examination of the evidence in the first trial, that the jury could not have found any other verdict than in favor of appellants, Goodman & Co.

In fact, the court below should have, under the evidence, given a peremptory instruction to the jury to find for appellants.

Appellee showed no title to the cross-ties in controversy. The plea of Goodman & Co. put in issue every essential matter, the right of appellee to recover.

It is shown that appellee's right to the ties in controversy depended upon a purchase by her husband at a sheriff and marshal's sale under several attachments against one Miles Leek. Her legal right to the cross-ties in controversy in this suit lay at the foundation of this action against Goodman & Co. If she had no legal right she could not recover, whatever may have been her rights in other respects, and this legal right must be shown by competent evidence; the right must have existed in her at the institution of this suit and must have been shown by the evidence on the trial. The court below so instructed the jury, and properly so. Yet in the whole evidence there is not a shadow of evidence of her legal title.

2. Appellee attempts to escape, and, in fact, to set at defiance, § 2459 by the sheriff and marshal's acts of sale under § 2462, as perishable property, etc., admitting the force of § 2469, but says that a sheriff, marshal, or constable may beat the latter section by their notions as to the perishable character of the property—may even sell real estate under the same view, for in a certain sense real estate is perishable. Section 2462 is merely directory, and § 2469 is peremptory; the directory statute must yield to the peremptory statute when there is any conflict. Timber is not, within the meaning or language of § 2462, as " in danger of immediate waste and decay," and all the fires in or near Fentress, where these cross-ties were situated, then or any other time, could not make them in danger of immediate waste and decay, within that section. Fruits vegetables, etc., are meant by that statute; not even live stock is within the meaning of that section, for just following, in § 2463, there is provision concerning it.

*White & Fox,* for the appellee.

1. After looking at the facts of this case, the court cannot reach any other conclusion than that plaintiff ought to have recovered in this trial. And certainly she ought to have been allowed a chance in the first before the jury on proper instructions. Her instructions, all of which were entirely proper and applicable to the case, were refused.

The instructions of defendants which were given in effect told the jury to *find* for defendants.

These errors were called to the attention of the court in the motion of plaintiff for a new trial.

2. The assignment of error as to the action of court on second trial in allowing judgments, records, etc., in justice's court in cases against Leek to be read in evidence is upon the theory that the attachments against Leek were not presonally served, and that a refunding bond should have been given under § 2469 of Code of 1880. This would have been necessary, but for the fact that the property was sold as perishable property, before judgments were rendered in justice's court under § 2462. This section provides that if property levied upon under an attachment is in immediate danger of waste and decay, then the officer shall sell it, and the proceeds shall represent the property, etc., and shall be held to abide the result of the suit, etc. The testimony shows that the officer sold this property as perishable.

CAMPBELL, J., delivered the opinion of the court.

The view we take of this case renders unnecessary any examination of the questions arising out of the second trial. The first verdict was clearly right, and should not have been set aside. There was in the first trial a complete absence of any evidence of the title of the plaintiff to the cross-ties. It was stated, generally, by witnesses in their narratives, that she had bought them at a sale at the court-house under some attachments against one Leek, who owned them, but the attachment proceedings were not produced or any substitute for the evidence they would afford. The plaintiff's right to recover the value of the ties depended on her acquisition

of the title of Leek by some valid proceeding against him, for she did not claim to have obtained them by contract, and there was no effort to show any such proceeding.

This case illustrates a perversion of the meaning of the expression "*in danger of immediate waste and decay,*" as used in § 2462 of the code. Because cross-ties for a railroad track are liable to be destroyed by fire, and there was considerable danger of fire at the time, it was concluded that an immediate sale should be made on short notice, and they were sold. Alas! all things terrestrial are destructible, and this earth is finally to yield to the destructive agency of fire, we are told, but the fire test is not the true one in contemplation of the statute. The danger of immediate waste and decay to which it applies is that arising from the inherent nature and qualities of the goods and chattels which render them liable to immediate waste and decay. The construction of the statute under which this sale was made would make a sale proper in most instances where personal property is levied on, for the durable qualities of hardwood cross-ties for a railroad bed must equal or exceed those of a very large list of articles. The purpose of the statute is to provide for the conversion into money on short notice of goods and chattels which will not keep because of their liability to speedy decay or waste.

*Judgment reversed, the first verdict established, and judgment thereon in favor of appellants, who shall recover costs in this court and in the court below in both trials.*