## J. WEIS & Co. *v.* BASKET & ARON.

1. ATTACHMENT FOR RENT. *Property claimed. Sale of as perishable or expensive to keep.*

   Where property levied upon under attachment for rent is claimed by a third person, who files an affidavit, without giving bond, the officer has no authority to sell it pending the suit, unless the same consists of "live-stock or chattels which it is expensive to keep, or perishable articles." Code 1880, §§ 2618, 1774; Laws 1882, p. 139.

2. SAME. *Cotton in bales. Not subject to sale pending suit.*

   Cotton ginned and in bales is not of a class expensive to keep or perishable within the meaning of the law authorizing a sale in such case. *Goodman* v. *Moss*, 64 Miss., 303.

FROM the circuit court of Leflore county.

HON. R. W. WILLIAMSON, Judge, being disqualified, by agreement W. T. RUSH, ESQ., a member of the bar, presided in the trial of this case.

Weis & Goldstein sued out an attachment for rent against Bright and Connerley, which was levied upon sixteen bales of cotton. This cotton was claimed by J. Weis & Co., who made a claimant's affidavit, and delivered the same to the sheriff who had levied the attachment for rent. No bond was given, and the sheriff afterwards sold the cotton to appellees, Basket & Aron. At the sale, notice was given by Weis & Co. that they had interposed their claim. The cotton came into the possession of the Yazoo & Mississippi Valley Railroad Company, and Basket & Aron brought this action of replevin against the railroad company to recover possession of the same, when Weis & Co. interposed a claimant's affidavit, and were admitted to defend in place of the railroad company, and pleaded not guilty. The case was tried by the court without a jury, when a judgment was rendered in favor of plaintiffs, from which Weis & Co. appeal.

The only questions passed upon by the court are: 1. Whether the sheriff had authority to sell the cotton after it was levied on under the attachment and claimed by Weis & Co. 2. Whether Weis & Goldstein were landlords of Bright and Connerley, and had the right to sue out the attachment for rent. This court holds that the sheriff did not have authority to sell the cotton, and finds from the evidence that Weis & Goldstein were not landlords of Bright and Connerley, and therefore had no right to sue out the attachment for rent. It is not deemed necessary to set out the evidence as to this, or to make any further statement of the case.

*E. F. Noel*, for appellants.

1. Lint cotton in bales is not of a class that can be sold by an officer levying a distress warrant after the property has been claimed by a third person. Under § 1317, code

1880, a third person could not claim any thing levied upon under an attachment for rent, except upon making affidavit and giving bond.   This was amended so·as to make applicable the provisions of § 1774, code 1880, by which the property could be claimed without giving bond, and under which it is the duty of the officer to hold the same as in case of property of like kind seized in replevin.   Laws 1882, p. 139. Section 2618 of said code provides that " when horses, mules, or other live-stock, or any chattels which it is expensive to keep, or perishable articles, shall be taken under a writ of replevin, they shall be sold as provided in reference to such things when seized under attachment, and the proceeds of the sale, after payment of proper expenses, shall be in lieu of the things sold."   The word "perishable" is more restrictive than the expression "in danger of immediate waste and decay," used in § 2462, code 1880, applicable to sales of property seized in attachment.   On this point we refer the court to *Goodman* v. *Moss,* 64 Miss., 303.   It was the duty of the sheriff, when he seized the cotton, to have provided for its protection.   They had no authority to sell it as perishable property.

2. The claim of Weis & Goldstein to have been landlords of Bright and Connerley is simulated, and unsupported by any evidence whatever.   It was not proven that any part of the cotton was raised on premises claimed to be leased from them.   Under these circumstances, the purchasers at the sale acquired no title.

COOPER, J., delivered the opinion of the court.

After Weis & Co. had interposed a claim to the property seized under the attachment for rent sued out by Weis & Goldstein against Bright and Connerley, the officer had no authority to sell, unless the property seized consisted of " horses, mules, or other live-stock, or chattels which it was expensive to keep, or perishable articles."   Laws 1882, p. 139; Code 1880, §§ 1774, 2618.

Cotton ginned and baled is not of a class of chattels expensive to keep, or perishable in its nature, within the meaning of the law. *Goodman* v. *Moss*, 64 Miss., 303.

So far as is disclosed by this record, Weis & Goldstein were not landlords of Bright and Connerley, and they had no right to sue out the attachment for rent under which the cotton was seized.

*Reversed and remanded.*