L. D. DAY ET AL. *v.* F. H. HARTMAN.

1. JURISDICTION. *Constitution* 1890, § 147.

If the chancery court overrules a demurrer to a bill in equity raising the question of its jurisdiction to subject specific property to the payment of a judgment at law, the record of which judgment has been destroyed, the supreme court cannot, under the constitution, § 147, review such question, there being no other error found in the record.

2. ERROR. *Sale of property as subject to waste. Code* 1892, § 516.

That the sheriff, in the progress of the cause, wrongfully sold property, without an order of court, as liable to waste or decay, under § 516, code 1892, is not cause for reversing the final decree in the case.

FROM the chancery court of Lincoln county.

HON. H. C. CONN, Chancellor.

Hartman obtained a judgment in the circuit court against L. D. and B. O. Day, which was duly enrolled. The record of the judgment and its enrollment being destroyed by fire, the appellee filed his bill in chancery setting up the facts and averring that defendant, Hardy, had sold the Days a tract of land, valuable for its timber; that the Days had erected a steam sawmill on the land, and were converting the timber into lumber

and shipping it out of the state; that they had no property subject to execution, except their interest in the land, the mill, lumber on hand, and a few oxen; that the land was subject to a purchase money lien for a small balance due Hardy; and that Daniel & Willoughby, defendants, claimed an interest, the character of which was unknown to complainant, in the property, but such interest was averred to be subject to the judgment lien. The prayer was for an injunction restraining the removal of, and for a writ of sequestration for, the personal property and for a sale of the interest of the Days in the lands and personalty to satisfy the judgment against them. The bill proceeded upon the idea that because of the destruction of the records an execution on the judgment at law could not be obtained.

All the defendants, except Hardy, as to whom the suit was dismissed, demurred to the bill. The Days filed a general demurrer, and Daniel & Willoughby filed two demurrers—a general and a special one—raising the question of the jurisdiction of the court. The general demurrers were overruled, the special demurrer of Daniel & Willoughby was sustained as to the personal property, but overruled as to the real estate. Daniel & Willoughby disclaimed interest in the land. The Days answered, denying, substantially, all of the averments of the bill, and they claimed some of the property as exempt. During the progress of the cause some lumber which had been seized was sold by the sheriff as liable to immediate waste or decay, under § 516, code 1892, without an order of court to do so. The decree was in Hartman's favor, and the Days appealed.

*A. C. McNair,* for appellants, L. D. and B. O. Day.

The demurrer of my clients should have been sustained to the bill. The complaint was not good on the idea of requiring an adjudication of the priority of liens, for several reasons: (1) It is not alleged or shown in the bill that the Hardys had a

vendor's or other lien on the land. For aught that appears, the lien may have been waived. (2) Judgment liens are subordinate to all equities. They are general in their nature, while vendor's liens are specific. In equity, judgment liens are inferior to vendors' liens. Pomeroy's Eq. Jur., secs. 685, 720; *Foute* v. *Fairman*, 48 Miss., 536; *Cayce* v. *Stovall*, 50 Miss., 396.

The lien of a vendor, even when not reserved by any express language, is more than a mere equity. It is an equitable interest *in rem*, and entitled to preference over all subsequent equitable interests of no higher nature (*Rice* v. *Rice*, 2 Drew, 73), while a judgment lien is neither a *jus in re* nor a *jus ad rem*. It is not a property in the thing on which it exists, nor does it constitute a right of action for the thing. It is a mere charge on the thing, which can only be enforced by taking it into execution. *Dozier* v. *Lewis*, 27 Miss., 679.

The bill is not good as one for the removal of clouds on title:

1. Hartman is neither the legal or equitable owner of the land, but simply a judgment lien holder, without interest in the land.

2. The bill is not a creditor's bill in the sense that it seeks cancellation of fraudulent conveyances in aid of the exercise of jurisdiction on that line. If it appeared that the alleged cloud was cast on the title of the land by means of a fraudulent conveyance by the owner, to defeat his creditors, then it might, with some show of reason, be claimed that the bill is maintainable. No such case is presented, however.

3. It is shown that the judgment lien is prior, in time, to the claims of Daniels and Willoughby, and that the alleged claims cannot, in the nature of things, be clouds on the title; nor is the character or nature of the claims or clouds shown. In truth, it is averred that the judgment lien is superior to defendants' claims.

The destruction of the judgment record did not impair its efficiency; neither was the authority of the clerk of the circuit

court to issue the execution on the judgment, or that of the sheriff to enforce it, impaired, in the least, by the loss of the judgment record. It was the evidence that was destroyed, and not the judgment. Lord Coke says that a judgment is the "very voyce of law and right." It is the decision or sentence of the law, pronounced by a court, or other competent tribunal, upon the matter contained in the record. By the loss, the jurisdiction of the circuit court was not divested, nor was jurisdiction thereby conferred on the chancery court to enforce the judgment of the circuit court. Freeman on Executions, sec. 18, and authorities cited in the note. If the clerk of the circuit court refused to issue the execution, appellee had his remedy at law by mandamus or otherwise. The chancery court did not have jurisdiction to substitute the lost record. Freeman on Judgments, sec. 89a; Keen v. Jordan, 13 Fla., 327; Fisher v. Seivres, 65 Ill., 99; Pomeroy's Eq. Jur., sec. 827, and authorities there cited.

This case is not within sec. 147, constitution 1890. There is a valid, subsisting judgment in the circuit court, a court at law, which could be enforced in that court. There was authority vested in the clerk of the circuit court to issue execution, and in the sheriff to enforce it and collect the money from the very property in litigation. The whole matter was of common law jurisdiction. The framers of the constitution could never have intended, in such case, to divest the common law court of its power and jurisdiction to enforce its own judgment, and confer it on the chancery court. Such a construction would constitute the chancery court a court of appeal from the circuit court. Section 147, constitution, manifestly applies only to subject-matters of which no court has, at the time, taken or acquired jurisdiction, and not to cases like the one in hand. It must be conceded that the destruction of the record did not vest the chancery court with jurisdiction, either to substitute the lost record or to enforce the judgment.

*R. H. Thompson*, for Daniel & Willoughby, who were notified to join in the appeal or be severed, etc.

While my clients have but little interest in this case, the decree of the chancery court being practically in their favor, I will say that their general demurrer ought to have been sustained. The defects in the bill are ably pointed out by the counsel of the Messrs. Day. Let me urge upon the court, however, that section 147, constitution, ought not to prevent a reversal. That section, by its terms, applies only where there has been an "error or mistake as to whether the cause in which it was rendered was of equity or common law jurisdiction." It does not and cannot apply to a question of a court's right to hear and determine a cause arising from the fact that some other court first acquired jurisdiction of the subject-matter. The constitution was never intended to obliterate, or encroach upon, the rule that the court which first acquires jurisdiction of a cause will retain it to the exclusion of all other courts. No argumentation can ever obscure the fact that the bill in this case is an effort to enforce a judgment of the circuit court by the aid of the chancery court alone upon the ground that the record of the judgment is destroyed—this, and nothing more.

*Cassedy & Cassedy*, for appellee.

Section 147 of the constitution settles the question as to the jurisdiction of the chancery court on appeal, and also the demurrers overruled. 70 Miss., 571; 71 *Ib.*, 438. The brief of counsel of the Days shows that there were several grounds upon which the court below may have claimed jurisdiction. If the lumber sold for too little, or was unlawfully sold by the sheriff, we cannot see how a reversal of this decree can be asked on that ground. If the writ of sequestration issued properly, and the court did not err in subjecting the property to the judgment lien and ordering it sold to satisfy said judgment, then the wrongful act of the sheriff cannot be held as error of the court.

WHITFIELD, J., delivered the opinion of the court.

We cannot, on appeal, disturb the decree overruling the demurrers, on the ground that the chancery court had no jurisdiction.   Const. 1890, sec. 147; *Cazeneuve* v. *Curell*, 70 Miss., 521.   The claim as to the exempt oxen seems not to be insisted on.   The answers disclaim ownership, and the proof supports the answers.   Besides, the bill averred L. D. Day to be the owner of three oxen, and B. O. Day to be the owner of six yoke of oxen, and the decree only directed the sale of four yoke of oxen.

Whether, in the absence of any proof, the lumber in this case could be held subject to "waste and decay," and "expensive to keep," within the meaning of § 516, code 1892—as was held not to be true of railroad cross-ties in *Goodman* v. *Moss*, 64 Miss., 303—need not, as matter of law, be here declared; for the undisputed testimony shows it was not subject to "waste or decay," or "expensive to keep."   But, clearly, no error whereon to reverse the decree of the court, which did not order the sale, can be predicated of the independent and illegal act of the sheriff in making the sale.   Appellants' remedy as to that was ample against the sheriff.

*Affirmed.*