WILLIAM H. HANCOCK v. HENRY C. DODGE.

1. CONSTITUTIONAL LAW.  *Constitution* 1890, *sec.* 147.  *Equity jurisdiction.*  *Supreme court.*

   The supreme court is forbidden by the terms of Constitution 1890, sec. 147, to reverse a decree of the chancery court because of any error or mistake as to whether the case in which it was rendered was of equity or common-law jurisdiction.

2. LAND BROKERS.  *Commissions.*  *Part payments.*

   A broker's commissions for the sale of land are due and payable when the sale is completed, in the absence of an agreement extending the time for their payment, and not on collection of deferred purchase money payments.

3. SAME.  *Contract for commissions.*  *Statute of frauds.*  *Code* 1892, § 4225, *par.* (c).

   The statute of frauds in reference to oral agreements for the sale of interests in land, Code 1892, § 4225, par. (c), does not affect an agent's right to compensation for selling land pursuant to oral instructions.

FROM the chancery court of, second district, Coahoma county. HON. CAREY A. MOODY, Chancellor.

Dodge, the appellee, was complainant, and Hancock, appellant, defendant in the court below.  From a decree overruling defendant's demurrer to complainant's bill of complaint, the defendant appealed to the supreme court.

*Maynard & Fitzgerald,* for appellant.

The written instrument sought to be reformed is a mere offer of sale, and not a contract.  Appellee seeks to avoid that by calling it a "memorandum" of the contract, which, however, is not shown by the bill to have been agreed on between the parties to evidence the completed oral contract between them.

The paper shows on its face that defendant offered to sell his interest at $15 per acre.  It does not show, however, that he

would accept $15 per acre from "a purchaser to be found by complainant.' But even if it did, it was an offer merely, and not a contract. It was not accepted nor signed by complainant, and hence was not binding on him; and no consideration was paid by him to the defendant. This offer could not become a contract until accepted by the complainant. It was not accepted, because he never tendered the money nor offered to do so. The assent of the minds of both parties is necessary to constitute a contract, hence it follows that the person who makes an offer can at any time recall it before acceptance. Where time is not named in an offer within which acceptance may be given, the offer must be taken advantage of within a reasonable time, else it expires or become void. *Echols* v. *Railroad Co.,* 52 Miss., 616.

A court of chancery will not interfere to reform a written contract where it is such as the parties themselves designed it. "If they voluntarily chose to express themselves in the language of the written contract, they must be bound by it; for there is no general rule better settled, nor more just in itself, than that parties who would enter into written contracts must be governed by them as made, according to their true intent and meaning, and must submit to the legal consequences arising from them." *Williams* v. *Hamilton,* 65 Am. St. Rep., 485, note and authorities.

The bill charges that the defendant intended to add other matters to his memorandum. This court cannot consider that. The written contract, being clear, definite, and unambiguous, precludes all inquiry as to other intentions than those expressed in the written instrument.

If a party to a written contract, through his own negligence, acts thereunder, without knowing or understanding its contents when he has an opportunity to do so, a court of equity will not reform it so as to make it express his alleged understanding of what it was to contain; for an error which is the result of inexcusable negligence is not a mistake from the results of which a court of equity will grant relief. He who asks relief on the

ground of mutual mistake shall show that he has exercised at least the degree of diligence which may be fairly expected from a reasonable person. *Williams* v. *Hamilton,* 65 Am. St. Rep., 500, note and authority; Bispham's Prin. of Eq., sec. 17; *Jurgensan* v. *Carlson,* 97 Iowa, 627.

It is the duty of a party in the absence of fraud to acquaint himself with the terms of a written contract to which he is a party before he enters into it. 27 L. R. A., 322; *Barnard* v. *Kellogg,* 77 U. S., 162; *Gilbert* v. *McInnis,* 114 Ill., 28; *Tilly* v. *Chicago,* 103 U. S., 162 (26 L. ed., 377); Wharton Ev., secs. 961, 1028, 1029, 1243; *Pindar* v. *Resolute Ins. Co.,* 47 N. Y., 114; *Linington* v. *Strong,* 111 Ill., 152.

A written contract cannot be reformed by oral testimony establishing a verbal contract directly in conflict with the terms of the written contract; such evidence is only admissible to explain, add to, or modify what is written, and never to contradict its express terms. *Barnard* v. *Kellogg,* 77 U. S., 162.

To justify a reformation of a written contract on the ground of mistake unmixed with fraud, the authorities are unanimous that the mistake must be mutual, or common to both parties. *Williams* v. *Hamilton,* 65 Am. St. Rep., 475, and note on p. 490.

"In order to justify a decree for reformation in cases of pure mistake, it is necessary that the mistake should have been mutual, and that the alleged intention to which he desires the writing to be made conformable should be continued concurrently in the minds of both parties, down to the time of its execution." Bispham's Prin. of Eq., sec. 469.

*J. W. Cutrer,* for appellee.

There is no dispute as to the terms and conditions of the contract entered into between the appellant and the appellee; the demurrer admits all the allegations of the original bill of complaint. So that, having determined that the appellant and the appellee entered into a contract for the sale by the appellee (Dodge) of appellant's (Hancock's) land, the terms of which

are not disputed by either party, and having further determined that there is a clear and unambiguous contract in existence agreed to by both sides, the question to be settled by this appeal is, Has the appellee the right to any, the least, reformation of his writing so that it shall conform to the common standard, the contract?.

It will be observed that there is no demand that the contract itself shall be reformed so that the parties thereto shall be restored to all their rights and privileges. The terms of the contract are settled, and the question now to be decided is whether or not this little slip of paper, containing a couple of lines of writing, shall be put in such shape that it shall conform to the undisputed intention of the parties; or shall the appellee be turned out of court and be sent to trial in a court of law with certain defeat staring him in the face?

Appellee alleged in his original bill that the memorandum "was intended to set forth the agreement between complainant and defendant," but that by "inadvertence, accident, and mistake in the drafting thereof, and by misapprehension of the parties as to the sufficiency of said writing to express the said agreement fully," appellee would be unable to recover on the contract in a court of law; that the memorandum on its face appeared to be simply an offer of sale by Hancock to Dodge, and that the patent ambiguity of the description of the land would be fatal to Dodge's right to recover at law.

Appellee earnestly contends that on the pleadings and the above state of facts the court below was amply justified in overruling the demurrer to the original bill. Whether the question be treated as a mistake of law, or a mistake of fact, or as an accident, the principle is applicable that equity will not let him suffer who has performed his entire contract and is not in default, as against the other party, who has received all the benefit he bargained for and yet has not in a single particular carried out his agreement.

Shall we say, in this case, that the mistake complained of is a mistake of law? Even if so, the mistake is not as to the terms of the contract, but only as to the writing, which evidences the contract as made. And in such case the authorities are overwhelmingly to the effect that such a mistake will be reformed. 2 Pom. Eq. Jur., sec. 845; *Hunt* v. *Rousmainere,* 1 Pet., 1; *Sparks* v. *Pittman,* 51 Miss., 511; *Goodbar* v. *Dunn,* 61 Miss., 622.

CALHOON, J., delivered the opinion of the court.

This is an appeal, to settle the principles of the case, from a decree overruling Hancock's demurrer to Dodge's bill in equity, which bill is to reform a contract so as to make it conform to the agreement and intent of the parties, and for general relief.

The case made by the bill, and admitted by the demurrer, is this: Hancock and one Barksdale owned together, equally, a body of land. Dodge, as a real estate broker (at least, in the particular instance), interviewed both, soliciting an agency to sell the lands. Barksdale agreed to take the sum of $14,000 for his half interest, and Hancock, for his half, agreed to take $15 per acre, and he furnished Dodge with the following writing: "Barksdale, Miss., Apr. 20th, 1903. Mr. H. C. Dodge, Fitzhugh, Miss.—Dear Sir: I will take fifteen dollars per acre for my part on our place, sections 21, 22, and 27, township 23, range 3 west. Yours truly, W. H. Hancock." The agreement between Dodge and Barksdale, not written, was that Dodge was to have, as commissions, all over $14,000 of what he sold Barksdale's interest for; and his agreement with Hancock, not written, was that he should have all over $15 per acre of the sale. Pursuant to this agency, Dodge effected a sale to one Chestnutt for a sum in excess of both the limits, and Barksdale promptly paid Dodge the overplus, as he had agreed to do; but Hancock declined to perform his oral agreement, and Dodge filed this bill.

The sale by the agent, Dodge, by consent of the parties, was for a certain sum in cash, and the balance in deferred payments

bearing annual interest and secured by trust deed, with Dodge as trustee, and Barksdale and Hancock executed warranty conveyances to Chestnutt. This sale being thus assented to by Hancock, it does not lie in his mouth to object that his note above quoted meant for cash, and so this ground of demurrer, and that the suit of Dodge was premature because before full collection of the sale price, is not well taken.

. We do not see that the statute of frauds, in reference to oral agreements for the sale of interests in land, has any bearing on this case, which is for the compensation of an agent to effect a sale of land.

If the position taken in the ninth ground of demurrer, that there is a remedy at law, was tenable, we cannot now reverse for that, because of sec. 147 of the constitution, the chancellor having taken jurisdiction. *Cazeneuve* v. *Curell,* 70 Miss., 521 (13 South., 545); *Adams* v. *Bank,* 74 Miss., 307 (20 South., 881); *Day* v. *Hartman,* 74 Miss., 489 (21 South., 302); *I. C. R. R. Co.* v. *Le Blanc,* 74 Miss., 650 (21 South., 760).

*Affirmed, with sixty days to answer after mandate filed below.*