## JENNY *v.* SMITH-POWELL REALTY CO.

### [88 South. 171, No. 21667.]

BROKERS.  *Broker producing purchaser ready, willing and able to buy
on specified terms, entitled to commission.*

Where a contract between a broker and his principal specifies the
terms upon which the land is to be sold, the broker has per-
formed his duty and is entitled to his commissions when he
. produces a purchaser, ready, able, and willing to buy the lands
upon the specified terms.

APPEAL from chancery court of Noxubee county.

HON. T. P. GUYTON, Chancellor.

Suit by the Smith-Powell Realty Company against L.
M. Jenny.  A demurrer to the bill was overruled, and the
defendant appeals.  Affirmed and remanded with leave to
answer.

*I. L. Dorroh,* for appellant.

This is purely a suit for real estate agent's commissions
for the making of the sale of land or for presenting a pur-
chaser for the land.  We submit that is not sufficient to
show or the bill to allege that they furnished a man who
would likely buy from an owner who wanted to sell but
it must be made to appear that the parties were tied up
to the trade in such a manner to make the agreement en-
forceable in the courts.  We submit that where the con-
tract between the broker and the purchaser specifies the
terms upon which the land is to be sold, a broker performs
his duty and is entitled to his commissions when a pur-
chaser ready, willing and able to buy on the specified terms
is presented, but where terms are not specified and the
actual sale is to be made by the principal, the duty is not
performed until he procures a purchaser to whom the prin-
cipal sells.  *Johnson* v. *Sutton,* 94 Miss. 544.  We submit

that it is not even contended that a purchaser was presented during the life of the option contract Exhibit "A" to the bill of complaint. This option expired June 21, 1919, and it was not until the 29th day of October, 1919, that the bill alleges that a purchaser was presented. During the period between June 21, 1919, and October 29, 1919, there was no contract or option to sell this land executed by the appellant to the appellees or to anyone else; the only thing that had any semblance of a contract were the series of letters from appellant to appellees and the answers thereto between August, 1919, and October, 1919, shown in Exhibits "B" to "G," no two of which contain the same terms, thus conclusively showing that the terms of sale of this land were, if any agreement could be construed from these letters whereby a binding contract could be even inferred giving appellees the right to sue for and collect commissions from appellant prior to an actual sale.

This brings us squarely within the scope of the case of *Johnson* v. *Sutton,* 94 Miss. 544, where it is stated that when the terms are not specified and the actual sale, if any made, will necessarily have to be made by the principal, the duty is not performed until the broker produces a purchaser to whom the principal sells.

Where a broker is engaged to negotiate or transfer certain real estate or personal property, the mere procurement of a prospective purchaser who enters into an option to buy the property but never in fact does so, is not sufficient to constitute a performance by the broker of his contract of employment and he is not entitled to his commissions. 4 R. C. L., page 315, sec. 53; See, also, 43 L. R. A. (N. S.) 91.

We submit that where a contract between a broker and his principal specified the terms on which the land is to be sold, the broker performs his duty and is entitled to his commissions when he produces a purchaser who is ready, willing and able to buy on the specified terms, but where the terms are not specified and the actual sale is to be made

by the principal, the duty is not performed until the broker produces a purchaser, to whom the principal sells. *Cook* v. *Smith*, 119 Miss. 375. In the above case the court very carefully reviews all of the cases and decisions of the Mississippi court relative to the sale of lands by brokers and this is the decision of the court.

In the instant case it is not even claimed by the appellees that there was any contract in existence which in any manner specified the terms on which the land was to be sold, save and except the one which expired by limitation on June 21, 1919, and which the appellees are seeking to renew and extend the provisions through and by a series of letters beginning August 29, 1919, and running through to October 23, 1919, which letters are made Exhibits "B" to "G" to the original bill herein. We submit that no terms were specified in any of these letters for the sale of the real estate, therefore the brokers were powerless to claim commissions until they produced a purchaser to whom the land was sold. For this reason we submit that this case should be reversed and judgment entered for the appellant.

In the case of *Sullivan* v. *Turner*, 120 Miss. 481, the appellees had a contract to sell a section of land in Coahoma county. The contract specified the terms upon which the section of land was to be sold, the amount of cash to be received, the amount of deferred payments and the kind of security to be taken therefor, very similar in all of its aspects to the option contract dated May 21, 1919. The appellee, Turner, sold the land within the limitations of the option contract but did not sell it on the exact specified terms of the option. Instead of selling it all to one man, or all in one body, taking the specified cash and procuring the security for the deferred payments as specified on all of the land in the section, the section of land was sold in three separate tracts to three separate people for a sum aggregating more than the stipulated purchase price. The court very properly held in that case that the broker had not procured purchasers on the exact terms of

the option and denied the commissions, Sullivan having refused to execute the deed. We most respectfully call the attention of the court to that case.

A very similar case is that of *Swain* v. *Pitts,* 120 Miss. 578, and the court in that case said: "We think it was error for the court below to refuse to grant a peremptory instruction for the defendant below, appellant here, and the judgment of the court will be reversed and judgment entered here." *Swain* v. *Pitts,* 120 Miss. 578.

The pleadings in this case do not bring the appellees within reach of the court in which they are seeking relief. They did not consummate any trade nor did they have a contract for the sale of the land on any specified terms whatever; they did not produce or procure a purchaser with a binding contract to purchase the land on any terms whatsoever and not having an option to sell the land on any specified terms we submit that it was necessary in order for them to be in a position to recover anything for their services that an actual sale of the land should have been made to the customer presented by them to the owner.

*Magruder, Walker & Martin,* for appellee.

Appellant in the brief of his counsel appears to base his demurrer and his appeal to this court on the proposition that appellees' bill in the lower court does not specify that appellees ever presented and produced to defendant below a buyer to said tract of land who was ready, willing, and able to buy same on the terms and conditions of the contract between the parties. In the first place, this court cannot tell from the pleadings every detail of this contract for the reason that it consisted in part of verbal negotiations as outlined in our bill. In the next place, it is evident that appellant's objection is without merit because he quotes in his brief from our bill the distinct and definite allegation that we did produce and present to appellant a buyer for said tract of land who was ready and

willing to buy the same and to comply in all respects with the terms, conditions and requirements for said sale.

Appellant furthermore undertakes largely, as will be shown on page 4 of his brief, to base his appeal upon the theory that appellee was under obligation to produce a purchaser "tied up to the trade in such a manner to make the agreement enforceable in the courts." How that could be done we are unable to discover. There is no provision of law imposing any such requirement whatever upon a real estate agent or broker.

The terms of the contract between the parties are outlined in the original contract and in the letters constituting a continuance thereof with certain modifications, and certain verbal negotiations.

Appellant's brief insists that appellees had no exclusive option for the sale of this tract of land; but appellant's letters show that it is an absolute definite exclusive contract for such sale until after the date when appellant breached his contract with appellees and refused to execute the same by sale of the land so that appellees could receive their just and legitimate compensation.

Appellant contends that this was a unilateral contract and was revocable at any time. Assuming that it was a unilateral contract, the right of the owner to revoke the contract is limited and it must be revoked before the performance by the broker. In *Kolb* v. *Land Company,* 74 Miss. 567, cited in appellant's brief, the court says at the bottom of page 569: "If it had obtained a purchaser, even with the assistance of Kolb, ready and willing to buy, then its rights would have been perfect under contract sustained by an executed consideration."

It must be taken as admitted then that appellees had up to October 30, 1919, an exclusive option; that acting under said option they incurred considerable expense in advertising, etc.; that they procured a purchaser ready, able and willing to buy under the terms of the contract, and that appellant repudiated the contract before the option expired.

In *Cook* v. *Smith,* 119 Miss. 375-383, 80 So. 77, this court held: "It would seem from these cases that the complainant's right of recovery would not depend upon the sufficiency of the memorandum contract, but if he made a sale or procured a buyer ready to take at the named price, that he could recover, though his contract with the principal was merely verbal."

In the case *Smith* v. *Cauthen,* 98 Miss. 746, 54 So. 844, it is held that though one dollar was stated as the consideration, the real consideration was the advertising of the property and that where the advertising was done the option was irrevocable. So, also, in the case *Sunflower Bank* v. *Pitts,* 108 Miss. 380, 66 So. 810, it was held that agent in advertising accepted the contract, it was fully executed and conferred upon agent right to recover where land was sold.

We have found no authority, and we think it safe to say that there is no reputable court holding that the owner can employ a broker to sell his land and after the broker has performed all of his duty, can then revoke the contract and refuse to pay the broker. His right to revoke must be exercised before the broker had executed the contract on his part.

The very authorities relied upon by appellant sustain appellee's claim. In the case of *Johnson* v. *Sutton,* 94 Miss. 544, the court says at page 971: "Where the contract between the broker and his principal specifies the terms on which the land is to be sold, the broker has performed his duty and is entitled to his commission when he produces a purchaser ready, willing and able to buy upon the terms specified."

SYKES, J., delivered the opinion of the court,

The appellees as real estate agents brought suit by attachment in the chancery court for the recovery of two thousand dollars, a commission claimed to be due them by the defendant under a contract whereby they were em-

ployed to sell a plantation belonging to the defendant. A demurrer was interposed to the bill, overruled by the chancellor, and this appeal is here prosecuted to settle the principles of the cause.

The material averments of the bill, briefly stated, are as follows: It alleges the execution of a written option contract for the sale of these lands and the personal property, which contract is made an exhibit to the bill. In this option contract the terms and conditions of the sale are fully stated, and in this contract a commission of 5 per cent. for sale is agreed to be paid by the appellant. The recited consideration of the contract is one dollar, and it is only signed by appellant, and its life was only for one month.

The bill then alleges in substance that this option contract after its expiration was renewed by the appellant by letter, a copy of which letter is made an exhibit to the bill. It is then averred that certain correspondence was had between the parties to this suit relating to the sale of this property and the terms of sale; copies of these letters being made exhibits to the bill. Without setting forth in detail the contents of these letters, suffice it to say that appellant at one time wanted eighty-five dollars an acre as a walkout proposition, or seventy-five dollars an acre for the land. That the appellees in one letter to appellant stated that they thought they could sell the land for sixty-five dollars an acre and wanted to know if appellant would sell for this price and pay them a commission out of this money. In reply to that letter the appellant offered to sell the land for sixty-five dollars net per acre, specifying in this letter, dated October 15, 1919, the terms of sale on which he would make the deal and that he would give possession on December 1st. Again on October 23d, by letter, in response to a telegram from the appellees, the contents of which is not shown in the record, the appellant states:

"I am depending on you to sell the farm. If the cash payment is a difficulty, I am willing to reduce my require-

ment to ten thousand dollars cash.  And if there arises any difficulty over the sixteenth section land in a deal on the whole place at my price, I am willing to make any adjustment considered right by those who are competent to say.  I had thought that the price named there would not be any difficulty, for I took everything into consideration when I put that price on.  However, get an offer and close at price if you can. . . .  Go ahead and I shall do nothing before consulting you fully."

The letter then goes on to specify how he would prefer to sell the personal property, etc., but that he prefers a walkout deal.  In this letter he also says that he prefers for the appellees to sell his land on a straight commission basis.  The letter winds up as follows:

"I would like to see you sell it; and as the matter now stands I think you are entirely free to act—for I guarantee you full protection and shall do nothing until you have had the month out anyway and not thereafter until I have consulted you fully on the matter."

Attached to this letter is an itemized price list for the personal property.  The bill alleges that partly by correspondence and partly by verbal negotiations the appellant agreed to pay appellees a commission of 5 per cent., but that it was finally agreed between them to pay a commission of two thousand dollars for a sale of the land.  The bill alleges that on the 29th day of October, 1919, the appellees produced and presented to the appellant a buyer for said tract of land, who was ready, able and willing to buy the same and to comply in all respects with the terms and conditions of such sale; that this prospective buyer was ready and willing to execute such contract as should be required of him for the consummation of the sale and purchase of the land and to make the necessary cash payment.  It is the contention of the appellant in this case that the terms of sale are not specified in the bill and exhibits thereto, and therefore no commission is recoverable, unless an actual sale has been consummated or the purchaser has entered into a binding contract of sale with the

real estate broker. The allegations of the bill when considered with the exhibits thereto specify the terms and conditions upon which the broker could sell the land. The original terms contained in the option contract were modified by the subsequent letters of the appellant, but from a consideration of all of these exhibits we are of the opinion that the terms upon which the appellees could sell the plantation are therein sufficiently alleged. The bill does not allege which proposition of sale the buyer was willing to accept; that is, whether he was buying the real estate and personal property or only the real estate. The bill, however, alleges that a commission of two thousand dollars was agreed upon between the parties; consequently it would be immaterial whether only the land or the land and personal property both were to be sold. The rule applicable to this case is thus stated in *Johnson* v. *Sutton,* 94 Miss. 544, 556, 49 So. 970, 971:

"Where the contract between the broker and his principal specifies the terms upon which the land is to be sold, the broker has performed his duty and is entitled to his commissions when he produces a purchaser ready and willing and able to buy upon the terms specified; but where the terms are not specified, and the actual sale is to be made by the principal, . . . his duty is not performed until he produces a purchaser to whom the principal sells."

In this case the terms upon which the land was to be sold are specified in the bill and exhibits thereto, and the brokers performed their part of the contract when they produced a purchaser ready, able, and willing to buy upon the terms specified. The decree of the lower court is affirmed, and the cause is remanded, with leave to the appellant, defendant in the lower court, to answer the bill within thirty days after the mandate of this court reaches the lower court.

*Affirmed and remanded.*