ROELL *et al. v.* OFFUTT.*

(Division B. March 23, 1925'. Suggestion of Error Overruled
April 6, 1925.)

[103 So. 237.   No. 24764½.]

1. BROKERS. *Broker entitled to commission for producing purchaser to whom principal sells, although terms of sale are not specified in contract employing broker.*
Where the terms of sale are not specified in the contract of employment between a real estate broker and his principal and the actual sale is made by the principal, still the broker has performed the contract and is entitled to his commission when he produces a purchaser to whom the principal sells.

2. EVIDENCE OF LIABILITY TO BROKER HELD SUFFICIENT TO GO TO JURY.
Evidence examined, and *held* sufficient to go to the jury on the question of liability.

*Headnotes 1. Brokers, 9 C. J., Section 99; 2. Brokers, 9 C. J., Section 129.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action by A. D. Offutt against Jack Roell and another. From judgment for plaintiff, defendants appeal. Affirmed.

*Watkins, Watkins & Eager,* for appellants.

I.

IT IS NOT SUFFICIENT THAT THE APPELLEE MAY HAVE BEEN THE PRIMARY CAUSE OF MAKING THE SALE, EVEN IF HE WAS SUCH, WHICH IS DENIED IN THIS CASE. UPON THE OTHER HAND, BEFORE APPELLEE CAN RECOVER OF APPELLANTS IN THIS CASE HE MUST SHOW THAT HE WAS THE PROXIMATE AND MOVING CAUSE OF MAKING THE SALE; THAT IS TO SAY, THAT HE PERFORMED SERVICES WITHOUT WHICH THE PROPERTY WOULD NOT HAVE BEEN

Sold. It is our contention that the evidence not only failed to establish the fact that the sale actually made was the result of the efforts and negotiations brought about by appellee, but on the other hand clearly demonstrates that the sale never would have gone through had it not been for the fact that after the appellee abandoned the trade and after Simpson himself had abandoned it and had made an agreement with Mr. Lake for an entirely different lot and building, then Mr. Roell got busy on an entirely new proposition and made an arrangement with Mr. Lewis whereby he would errect a building for Simpson if the lot was free of any lien and secure himself by a first lien deed of trust upon the lot and building and notified Mr. Simpson of this fact and new negotiations were then begun between Mr. Simpson, Mr. Roell and Mr. Lewis, whereby a sale was effected and wherein Mr. Lake agreed to accept part of the purchase money in the form of an open note from Mr. Simpson.

The rule covering this proposition in Mississippi has been laid down in *Enochs* v. *Paxton,* 87 Miss. 660, 40 So. 14. *Swain* v. *Pitts, et al.,* 82 So. 305, tho not precisely in point, involves the same general proposition, particularly as to what constituted an abandonment of a sale by the broker.

It was after this sale had been abandoned, not only by the broker but by the purchaser himself, that an entirely new and independent element entered into the trade for which the broker was in no sense responsible, and which started negotiations anew, resulting in a sale. 4 R. C. L. 298; *Way* v. *Turner* (Md.), 96 Atl. 676; *Nance* v. *Smyth* (Tenn.), 99 S. W. 698, is directly in point; see, also, *Stone* v. *Moloney,* 159 Ill. App. 366; *Ramsey* v. *West,* 31 Mo. App. 676; *English* v. *Realty Co.* (Tex.), 117 S. W. 997; *Newton* v. *Conness* (Tex. Civ. App), 106 S. W. 893; *Burch* v. *Hester* (Tex. Civ. App.), 109 S. W. 400; *Mueller* v. *Bell,* 117 S. W. 993; *Dillard* v. *Field* (Mo.) 153 S. W. 532; *Butterfield* v. *Fuel Co.* (Utah), 132 Pac. 559; *Wheelen* v. *Hunt* (Okla), 133 Pac. 522; *Addison* v.

*Blair*, 42 D. C. App. Cas. 351; *Waters* v. *Rafalsky*, 119 N. Y. S. 271; *Blumberg* v. *Sterling*, 107 N. Y. S. 142; 9 C. J. 611, 613.

### II.

IT WAS THE DUTY OF THE APPELLEE TO PROMPTLY NOTIFY THE APPELLANTS OF ANY SALE CLAIMED BY THE APPELLEE TO HAVE BEEN MADE TO THE PURCHASER AND HIS FAILURE TO DO SO WAS AN ADMISSION ON HIS OWN PART AND CONSTITUTED AN ABANDONMENT OF THE TRANSACTION, AND THIS WAS PARTICULARLY TRUE IN THE CASE AT BAR, BECAUSE THE BROKER WAS AWARE OF THE FACT THAT ANY TRADE MADE WITH MR. SIMPSON WOULD HAVE TO BE CLOSED PROMPTLY. *Hadley* v. *Schaffer* (Ala.), 59 So. 296; *Sharpley* v. *Lee* (Ala.), 44 So. 650; *Wiggins* v. *Wilson* (Fla.), 45 So. 1011; *Quist* v. *Goodfellow*, 99 Minn. 509, 9 A. & E. Cas. 431; 9 C. J. 615; *Waters* v. *Rafalsky*, 119 N. Y. S. 271; *Hughes* v. *Houghton Land Co.*, 18 Man. 686; 9 C. J. 602 and 621; *Cathcart* v. *Bacon* (Minn.), 49 N. W. 231.

*W. E. Morse* and *W. A. Scott, Jr.*, for appellee.

### I.

A MOTION TO EXCLUDE THE EVIDENCE AND INSTRUCT FOR THE DEFENDANT SHOULD NEVER BE ALLOWED, UNLESS THE TESTIMONY PLAINLY AND UNMISTAKABLY FAILS TO SUSTAIN THE CAUSE OF ACTION. As to whether or not the appellee herein was the proximate cause of the sale was a matter of dispute. Practically every step in the cause was disputed, even to the minor details. The terms of the contract were controverted in many instances, and the decision as to the conflicting testimony was properly submitted to the jury.

### II.

THE VERDICT OF A JURY WILL NOT BE DISTURBED UNLESS IT MANIFESTLY APPEARS FROM THE WHOLE RECORD THAT

IT IS CLEARLY WRONG. *Peck* v. *Thompson,* 23 Miss. 368; *Yazoo & Miss. Valley R. R.* v. *Williams,* 67 Miss. 18, 7 Sô. 279.

### III.

WHERE THE TERMS OF A CONTRACT ARE NOT SPECIFIC, THE DUTY OF A FACTOR IS TO PLACE HIS PRINCIPAL IN COMMUNICATION WITH A PURCHASER TO WHOM THE SALE IS MADE. Counsel in his brief cites many foreign decisions to sustain his contention that a factor must actually make the sale of the property in all cases before he becomes entitled to his commissions. He fails to differentiate between those cases in which the terms and conditions of the sale are communicated to the factor and those in which the conditions of sale are arranged between the principal and the purchaser. *Johnson* v. *Sutton,* 49 So. 970. *Delta & Pine Land Co.* v. *Wallace,* 36 So. 236, while dealing directly with a *quantum meruit* recovery, clearly establishes the right of a factor to recover his commission under circumstances similar to those existing in the present case.

*Enochs* v. *Paxton,* 40 So. 14, supports our contention in two particulars: (1) That the matters of fact involved in the trial of a case are submitted to the jury, and are adjudicated by its verdict; (2) that if the jury believes from the evidence that the sale was made as a result of the bringing together of the parties by the plaintiff, and if they further believe that the plaintiff had not abandoned the sale, a verdict for the plaintiff is warranted.

### IV.

THE APPELLEE WAS NOT NEGLIGENT IN COMMUNICATING THE TERMS OF THE OFFER TO THE APPELLANTS.

CONCLUSIONS. The instructions of the court as to the duties of a factor in regard to sale of property where the terms and conditions were not arranged, but left to negotiations between the principal and the purchaser when the factor had secured a buyer, were manifestly correct

under the decisions of the supreme court of Mississippi. This rule being established by our own tribunal, we have deemed it unnecessary to enter into a discussion of the holdings of the various courts to whose decisions the counsel for the appellants has referred us.

ANDERSON, J., delivered the opinion of the court.

Appellee, A. D. Offutt, a real estate broker, sued appellants, Jack Roell and Robert Lake, his principals, for commissions claimed to have been earned by him in the sale of a lot in the city of Jackson which appellants had listed with him for sale. There was a trial resulting in a verdict and judgment for appellee, from which appellants prosecute this appeal.

The case was submitted to the jury on instructions for the respective parties. Appellants' contention is that the trial court erred in refusing their request to direct a verdict in their favor. In considering whether a directed verdict should have been granted, every material fact which the evidence tends to prove, either directly or by reasonable inference, should be taken as true as against the party complaining at the action of the court in refusing to direct a verdict. It is true appellee's evidence did not tend to make out a case under the principle that where a contract between a real estate broker and his principal specifies the terms on which the land is to be sold, the broker is entitled to his commission when he produces a purchaser ready, able, and willing to buy upon the terms specified. But we think it did tend to make out a case under the principle that where the terms of sale are not specified and the actual sale is made by the principal, the broker nevertheless has performed his duty and is entitled to his commission provided he produces the purchaser to whom the principal sells.

It is a well-established principle of law governing the obligations and rights of real estate brokers and their principals that where the terms of the sale are not specified in the contract between the principal and the broker

and the actual sale is made by the principal, still the broker has performed his duty when he produces a purchaser to whom the principal sells. This principle is recognized in *Cook* v. *Smith,* 119 Miss. 375, 80 So. 777; *Jenny* v. *Smith-Powell Realty Co.,* 125 Miss 608, 88 So. 171; *Johnson* v. *Sutton,* 94 Miss. 544, 49 So. 970; *Delta & Pine Land Co.* v. *Wallace,* 83 Miss. 656, 36 So. 263. It is a question of what the contract was between the broker and his principal. If the terms are specified, the broker does not earn his commission until he produces a purchaser ready, willing, and able to buy upon the terms specified. But where the terms are not specified in the contract of employment, where they are to be fixed by the principal when the purchaser is produced by the broker and the sale is to be made by the principal, the broker has performed his duty when he produces a purchaser to whom the principal makes terms and sells. Under the latter principle, the broker is entitled to his commission because he has performed his duty under his contract of employment. It is a case where he is employed for the purpose of finding a purchaser to whom the principal shall make terms and sale.

Appellee did not make a strong case by his evidence, but we are of opinion that nevertheless it was sufficient to go to the jury. Appellee's evidence tends to prove, we think, directly and by reasonable inference, that he performed his contract with his principal in producing a purchaser to whom the principal sold.

*Affirmed.*