SKERMETTI REALTY CO. *v.* DEVITT *et al.**

(Division A. Feb. 7, 1927.)

[111 So. 302. No. 26245.]

1. BROKERS. *Amended declaration in broker's suit for commission, alleging employment and finding purchaser on specified terms, held to state good cause of action.*

   Amended declaration in broker's suit for commission, alleging employment to sell property for specified price with certain sum in cash and balance secured by mortgage, according to deferred payments to be fixed by purchaser within time limit of ten years, and alleging securing of purchaser ready, willing, and able to make cash payment, and to execute note for balance payable in equal installments in one, two, three, four, and five years, *held* to state a good cause of action.

2. BROKERS. *Broker is entitled to commission under contract specifying terms of sale when he produces purchaser ready, willing, and able to buy.*

   Where contract between broker and principal specifies terms on which land is to be sold, the broker performs his duty and is entitled to commission on producing purchaser ready and willing to buy on specified terms.

3. BROKERS. *Broker's duty under contract, not specifying terms of sale, is not performed until he produces purchaser to whom principal sells.*

   Where contract between broker and principal does not specify terms of sale and actual sale is to be made by principal, broker's duty is not performed until he produces purchaser to whom principal sells.

4. BROKERS.    *Oral contract between broker and owner of land authorizing sale is not within statute of frauds.*

An oral contract between a broker and owner of land authorizing sale of land is not within statute of frauds in reference to oral agreements for sale of interests in land, and broker's right to commission thereunder is not affected.

---

*Corpus Juris-Cyc. References: Brokers, 9CJ, p. 558, n. 8; p. 590, n. 12, 16; p. 591, n. 19; p. 593, n. 24; p. 596, n. 33; p. 635, n. 41; Frauds, Statute of, 27CJ, p. 223, n. 29; As to performance by real estate broker of his contract to find a purchaser or effect an exchange of his principal's property, see annotation in 44 L. R. A. 592; on what constitutes ability to pay within rule as to broker's right to commissions, see annotation in 1 A. L. R. 523. 4 R. C. L. 307; 1 R. C. L. Supp. 1113; 4 R. C. L. Supp. 261; 6 R. C. L. Supp. 249. On necessity of written contract between broker and his principal, see 4 R. C. L. 249; 1 R. C. L. Supp. 1094.

APPEAL from circuit court of Harrison county.

HON. W. A. WHITE, Judge.

Suit by the Skermetti Realty Company against T. K. Devitt and another. Judgment dismissing the suit, and complainant appeals. Reversed and remanded.

*Mize & Mize,* for appellant.

The lower court went off on the theory that there was no contract sufficiently definite between appellant and appellees to give them a cause of action, and that since terms of the deferred payments were not specifically agreed upon, the contract between appellant and appellees was void. In this the court was in error. *Smith* v. *Keeler,* 151 Ill. 518, 38 N. E. 250; *Tinsley* v. *Durfey,* 99 Ill. App. 239.

Of course, where the owner fixes all of the terms, an agent or broker is not entitled to his commission unless he finds a purchaser willing to buy on these terms, but in the instant case appellant did find a purchaser, willing, ready, and able to buy on the terms authorized by the appellee.

The declaration alleges that the appellees arbitrarily and without any cause refused to convey to their purchaser and the appellees cannot defeat appellant's right to the compensation by refusing to sell to appellant's customer. 9 C. J., pages 597 and 623.

*Ford, White, Graham & Gautier,* for appellees.

The agreement was incomplete even though it be in writing, although it is enforcible because it is not in writing. As to the necessity of writing, see *Kozel* v. *Dearlove,* 144 Lill. 23. As to the necessity of the terms being definite, and the limits of the agent's rights, see *Anderson* v. *Howard,* 155 N. W. 261; and *Stengel* v. *Sargent,* 74 N. J. Eq. 20.

The general rule is that a real estate broker is entitled to the agreed commission when he brings a purchaser able, ready, and willing to buy, if the terms of sale are definite and agreed upon. On the other hand, he is not entitled to a commission where the terms on which he made sale are indefinite, unless a sale is actually made. *Roell* v. *Offutt,* v38 Miss. 598; *Cook* v. *Smith,* 119 Miss. 375; *Jenny* v. *Smith Powell Realty Co.,* 125 Miss. 608; *Johnson* v. *Sutton,* 94 Miss. 544.

Under these authorities the case clearly should be affirmed, because it is not claimed that any sale was made, and the terms on which the agent might sell were certainly not fixed in the sales agency agreement.

COOK, J., delivered the opinion of the court.

In the circuit court of Harrison county the appellant instituted this suit against the appellees for the recovery of three thousand seven hundred fifty dollars, a commission claimed to be due it by the appellees under a contract whereby it was employed to sell certain land and property belonging to the appellees and situated in the city of Biloxi, Miss. A demurrer was sustained to the original declaration, and thereupon an amended declaration was filed. A demurrer to this amended declaration

was likewise sustained, and, the appellant having declined to plead further, the suit was dismissed, and this appeal prosecuted.

The declaration, as amended, alleged that the appellees were the owners of property therein particularly described, and on the 11th day of September, 1925, they employed Paul Skermetti, who is a real estate broker operating under the name of Skermetti Realty Company, to sell said property at and for the sum of seventy-five thousand dollars, on the following terms: ten thousand dollars of said sum to be paid in cash, and the balance to be secured by a mortgage on said property, and to bear interest at the rate of six per cent. per annum from the date of sale until paid, the amounts and maturities of the deferred payments to be fixed to suit the purchaser, within a time limit of not exceeding ten years; that the appellees authorized the appellant to negotiate a sale of said property on these terms and to fix the time within which the deferred payments should mature, and for his services agreed to pay him five per cent. of said sum of seventy-five thousand dollars as commission.

The declaration further averred that on or about the 20th day of October, 1925, while he still had authority to sell said property on the terms aforesaid, he found a purchaser who was ready, willing, and able to purchase said property, at and for the sum of seventy-five thousand dollars, and to pay ten thousand dollars in cash, and the balance in equal installments in one, two, three, four and five years from the date of sale, and to execute promissory notes for said amounts, secured by a mortgage on said property, with interest at the rate of six per cent. per annum on the deferred payments; that the said purchaser offered to take said property on the terms named, and appellees agreed to sell said property to him on said terms, but afterwards arbitrarily refused to sell the property to said purchaser, although he was then ready, willing, and able to purchase said property on said terms and to execute his notes and mortgage as re-

quired by said contract. It was further averred that the appellant had complied with all the terms of the contract, and had produced a purchaser who was ready, willing, and able to purchase said property on the terms on which the appellees had authorized the appellant to sell the property, and while appellant had authority from appellees to make a sale of the property on said terms, that appellees having refused to sell said property to said proposed purchaser, they became indebted to appellant for the commission, amounting to three thousand seven hundred fifty dollars, for which suit was brought.

The grounds of demurrer that are urged by counsel for appellees as supporting the judgment of the court below sustaining the demurrer to the amended declaration are, first, that no terms of sale were agreed upon between the parties, and the alleged brokerage agreement between the parties was so vague, uncertain, and indefinite as to be unenforceable; second, that the amended declaration does not allege any agreement between the alleged purchaser and these appellees touching material parts of the contract, such as the terms of sale, kind of deed to be given, payment of taxes, date of delivery of possession, and the like; and, third, that the alleged authority of the appellant to fix the terms on which the property might be sold was tantamount to an oral power of attorney, which, under the statute of frauds, is void and unenforceable.

It has been repeatedly held by this court that where the contract between a broker and his principal specified the terms on which land is to be sold, the broker performs his duty and is entitled to his commissions when he produces a purchaser ready, willing, and able to buy on the specified terms, but that, where the terms are not specified and the actual sale is to be made by the principal, the duty is not performed until he produces a purchaser to whom the principal sells. *Johnson* v. *Sutton,* 94 Miss. 544, 49 So. 970.; *Cook* v. *Smith,* 119 Miss. 375, 80 So. 777; *Jenny* v. *Smith-Powell Realty Co.,* 125 Miss. 608, 88 So. 171; *Roell* v. *Offutt,* 138 Miss. 599, 103 So. 239.

In the contract between the broker and the principal in the case at bar, as pleaded in the amended declaration, all the necessary terms of sale are specified, except the fixing of the amounts and maturities of the partial payments of the deferred portion of the purchase price, and the contract gives the broker the discretion and full authority to fix these terms within a time limit of ten years for the maturity of these payments. The contract between the broker and the proposed purchaser provided that the sixty-five thousand dollars deferred payment should be paid in equal installments maturing in one, two, three, four and five years, respectively, which was well within the time limit named in the contract between these parties, and within the authority and discretion of the broker as fixed by the contract. In the absence of a contract to the contrary, the law fixes liability for the taxes for the current year, as well as the right to the possession of the premises sold, and it does not appear from the pleading that the kind of deed to be executed and delivered was in any manner involved in the refusal to consummate the sale.

An oral contract between a broker and the owner of land authorizing a sale of the land is not within the statute of frauds, in reference to oral agreements for the sale of interests in land, and a broker's right to commissions under such a contract is not affected thereby. *Hancock* v. *Dodge,* 85 Miss. 228, 37 So. 711; *Cook* v. *Smith,* 119 Miss. 375, 80 So. 777.

We think the amended declaration states a good cause of action, and that the demurrer thereto should have been overruled. The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*